UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:23cv14273

**BLONDENA BOURN,**

    **Plaintiff,**

v.

**I.C. SYSTEM, INC.,**

    **Defendant.**

_____/

## DEFENDANT I.C. SYSTEM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, I.C. SYSTEM, INC., and files this Answer and Affirmative Defenses to the Plaintiff's Complaint and states:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only, otherwise, denied.

2. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

### PARTIES

3. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

4. Defendant admits it is a corporation organized under the laws of Minnesota with a principal place of business located at 444 Highway 96 East, St. Paul, MN 55164.

## **DEMAND FOR JURY TRIAL**

5. Defendant admits that Plaintiff demands a trial by jury on all counts and issues so triable.

## **ALLEGATIONS**

6. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

7. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

8. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

9. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

10. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

11. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

12. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

13. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

14. Denied.

15. Defendant admits to the extent Plaintiff's "Exhibit A" speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

16. Defendant admits it is in the business of collecting delinquent financial obligations and that it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

17. Defendant admits it is in the business of collecting delinquent financial obligations and that it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

18. Defendant admits it is in the business of collecting or attempting to collect, directly or indirectly, delinquent financial obligations owed or due, or asserted to be owed or due, to another. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

19. Defendant admits it is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

20. Defendant admits its "Consumer Collection Agency" license number with the Florida Office of Financial Regulation is CCA0900391.

21. Defendant admits it maintains records required under state and federal law and admits the allegations in this paragraph to the extent the referenced legal authority speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

22. Defendant admits it maintains records required under state and federal law and admits the allegations in this paragraph to the extent the referenced legal authority speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

23. Defendant admits the allegations in this paragraph to the extent the referenced legal authority speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

24. Defendant admits the allegations in this paragraph to the extent the referenced legal authority speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

25. Defendant admits the allegations in this paragraph to the extent the referenced legal authority speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

26. Defendant admits to the extent Plaintiff's "Exhibit A" speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

27. Defendant admits to the extent Plaintiff's "Exhibit A" speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

28. Defendant admits to the extent Plaintiff's "Exhibit A" speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

29. Denied.

## COUNT ONE – 15 U.S.C. § 1692e(2)(A)

30. Defendant incorporates and re-asserts its responses to paragraphs 6-29 as if fully re-stated herein.

31. Defendant admits the allegations in this paragraph to the extent the referenced statute speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

32. Defendant admits the allegations in this paragraph to the extent the referenced statute speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

33. Defendant admits the allegations in this paragraph to the extent the referenced statute speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

34. Defendant admits the allegations in this paragraph to the extent the referenced statute speaks for itself, in its entirety. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Complaint.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent or intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. More specifically, Defendant has procedures in place designed to ensure it is not attempting to collect financial obligations subject to workers' compensation, including but not limited a policy to review all information provided by its client(s) to determine whether workers' compensation is involved in the financial obligation, a policy not to accept any account for collection which a client indicates that workers' compensation is associated with the account in any way, a policy to have an agreement with its client(s) pursuant to which the client agrees to refer only valid, due, and owing financial obligations, and providing training and supervision to its employees regarding workers' compensation.

### DEMAND FOR A JURY TRIAL

Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
FBN: 0056830
Dale T. Golden, Esq.
FBN:  0094080
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone:  (813) 251-5500
Fax:  (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
*Attorneys for Defendant I.C. System, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by email on this 5th day of September, 2023 to all parties registered to receive electronic notice in this proceeding.

/s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
FBN: 0056830
Dale T. Golden, Esq.
FBN:  0094080
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone:  (813) 251-5500
Fax:  (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
*Attorneys for Defendant I.C. System, Inc.*